FREEDMAN + TAITELMAN, LLP
Bryan J. Freedman (SBN 151990)
bfreedman@ftllp.com
Sean M. Hardy (SBN 266446)
smhardy@ftllp.com
1801 Century Park West, Fifth Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005

*Attorneys for Defendant,*
UNITED TALENT AGENCY, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFLUENCES, INC., a Delaware Corporation | Case No. 2:22-cv-00296-AB-MAR |
| | [*Hon. Andre Birotte, Jr., Courtroom 7B*] |
| Plaintiff, | **DEFENDANT UNITED TALENT** |
| v. | **AGENCY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| UNITED TALENT AGENCY, LLC, a Delaware limited liability company, erroneously sued as UNITED TALENT AGENCY, INC.; and DOES 1 through 50, inclusive, | |
| Defendants. | Hearing Date: July 15, 2022 Hearing Time: 10:00 a.m. |

TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 15, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at the First Street Courthouse, Courtroom 7B, 350 West 1st Street, Los Angeles, California 90012, Defendant United Talent Agency, LLC ("Defendant") will and hereby does move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing, with prejudice, in its favor Plaintiff Influences,

Inc.'s ("Plaintiff") First Amended Complaint in its entirety.

This motion is made on the ground that Plaintiff's claims for relief fail for multiple reasons:

First, Plaintiff's first claim for intentional interference with contractual relations fails to allege facts sufficient to state a claim upon which relief can be granted.

Second, second claim for intentional interference with prospective economic relations fails to allege facts sufficient to state a claim upon which relief can be granted.

Third, Plaintiff's third claim for negligent interference with prospective economic relations fails to allege facts sufficient to state a claim upon which relief can be granted.

Fourth, Plaintiff's fourth claim for unlawful, unfair, and/or fraudulent business practices under California Business and Professions Code section 17200 *et seq.* fails to allege facts sufficient to state a claim upon which relief can be granted. Plaintiff further cannot plead an inadequate legal remedy as a matter of law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

This Motion is based upon this Notice of Motion; the attached Memorandum of Points and Authorities; the concurrently filed Request for Judicial Notice and all exhibits thereto; all of the pleadings and papers filed herein; and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 4, 2022.

Dated:  April 11, 2022          FREEDMAN + TAITELMAN, LLP


                                           /s/ *Sean M. Hardy*
                                          *Attorneys for Defendant,*
                                          UNITED TALENT AGENCY, LLC

MOTION TO DISMISS FIRST AMENDED COMPLAINT

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ..........................................................................1

II.     PROCEDURAL AND FACTUAL BACKGROUND....................................1

III.    LEGAL STANDARD  ...................................................................2

IV.     PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL
        INTERFERENCE WITH CONTRACTUAL RELATIONS........................2

        A.    Plaintiff's Claim Is Barred By The Competitor's Privilege....................2

              1. UTA Cannot Interfere With An At-Will Agreement. ......................3

              2. The Competitor's Privilege Applies........................................4

        B.    The Intentional Interference With Contractual Relations Claim Fails To
              Satisfy Rule 9(b). ..........................................................6

        C.    The First Claim Fails Under Rule 8(a). ......................................8

              1. Plaintiff Fails To Plead Facts Sufficient To Allege Multiple
                 Contracts..............................................................9

              2. Plaintiff Fails To Allege Facts Sufficient To Plead UTA's
                 Knowledge............................................................12

              3. Plaintiff Has Not Adequately Pleaded Causation. .........................12

V.      THE COMPLAINT FAILS TO STATE A CLAIM FOR INTENTIONAL
        INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS ....13

        A.    Plaintiff Cannot Pursue This Claim Based On Contractual
              Relationships. ..........................................................14

        B.    The Second Claim Is Insufficient Under Rule 9(b)............................14

        C.    Plaintiff Fails To Allege An Independently Wrongful Act....................15

VI.     THE THIRD CLAIM FOR NEGLIGENT INTERFERENCE WITH
        PROSPECTIVE ECONOMIC RELATIONS................................16

        A.    UTA Owes Plaintiff No Duty As A Matter Of Law. ..........................16

        B.    Plaintiff Alleges No Independently Wrongful Act. ..........................17

        C.    Plaintiff Alleges Intentional, Not Negligent, Conduct..........................17

i

D.    The Competitor's Privilege Applies. .......................................18

VII.    THE FIRST THREE CLAIMS ARE BARRED BY THE ECONOMIC

LOSS RULE ...........................................................................................18

VII.    THE COMPLAINT FAILS TO STATE A UCL CLAIM ...........................19

A.    As A Matter Of Law, Plaintiff Cannot Seek Equitable Restitution. ......19

B.    Plaintiff Fails to Allege Sufficient Facts to Support Its UCL Claim. ...21

1. Plaintiff's UCL Claim Fails Under The Unlawful Prong. ...............22

2. Plaintiff's UCL Claim Fails Under The Unfair Prong. ....................23

3. Plaintiff's UCL Claim Fails Under The Fraudulent Prong. ..............24

4. Plaintiff May Not Seek Nonrestitutionary Disgorgement.................24

VIII.    CONCLUSION ............................................................................25

MOTION TO DISMISS FIRST AMENDED COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*AccuImage Diagnostics Corp. v. Terarecon, Inc.*,

5
   260 F. Supp. 2d 941 (N.D. Cal. 2003)..................................................9, 15, 16, 17

6

*Adams v. Cole Haan, LLC*,

7
   2020 WL 5648605 (C.D. Cal. Sept. 3, 2020).....................................................20

8

*AlterG, Inc. v. Boost Treadmills LLC*,

9
   2019 WL 4221599 (N.D. Cal. Sept. 5, 2019)................................................6, 14

10

*Ashcroft v. Iqbal*,

11
   556 U.S. 662 (2009) ......................................................................................8, 22

12

*Associated Gen. Contractors of California, Inc. v. California State*
   *Council of Carpenters*,

13
   459 U.S. 519 (1983) .........................................................................................12

14

*Behr Process Corp. v. RPM Int'l Inc.*,

15
   2014 WL 12584385 (C.D. Cal. May 20, 2014)..................................................17

16

*Bell Atlantic Corp. v. Twombly*,

17
   550 U. S. 544 (2007) ...................................................................................2, 8, 22

18

*BioResource, Inc. v. U.S. PharmaCo Distribution, Ltd.*,

19
   2010 WL 3853025 (N.D.Cal. Sept. 29, 2010)....................................................15

20

*Bonner v. Redwood Mortgage Corp.*,

21
   2010 WL 1267069 (N.D. Cal. Mar. 29, 2010) ...................................................22

22

*Bus. Integration Tech. v. MuleSoft Inc.*,

23
   2011 WL 5914012 (N.D.Cal. Nov. 28, 2011)....................................................16

24

*C. Pappas Co., Inc. v. E. & J. Gallo Winery*,

25
   610 F.Supp. 662 (E.D. Cal. 1985) .......................................................................5

26

*California Expanded Metal Prod. Co. v. ClarkWestern Dietrich Bldg.*
   *Sys. LLC*,

27
   2014 WL 5475214 (C.D. Cal. Oct. 29, 2014) ....................................................17

28

*Cisco Sys., Inc. v. Dexon Computer, Inc.*,
   2021 WL 5848080 (N.D. Cal. Dec. 9, 2021) ................................................. 7, 14

*Clark v. Am. Honda Motor Co.*,
   528 F. Supp. 3d 1108 (C.D. Cal. 2021) .......................................................... 20

*Clegg v. Cult Awareness Network*,
   18 F. 3d 752 (9th Cir. 1994) ........................................................................... 2

*CRST Van Expedited, Inc. v. Werner Enters., Inc.*,
   479 F.3d 1099 (9th Cir. 2007) ................................................................... 9, 12

*Elias v. Hewlett-Packard Co.*,
   903 F. Supp. 2d 843 (N.D. Cal. 2012).......................................................... 22

*Fed. Deposit Ins. Corp. v. Corelogic Valuation Servs.*,
   2012 WL 12878647 (C.D. Cal. Feb. 6, 2012) .............................................. 10

*Forcier v. Microsoft Corp.*,
   123 F. Supp. 2d 520 (N.D. Cal. 2000)........................................................... 12

*In re Ford Tailgate Litig.*,
   2014 WL 1007066 (N.D. Cal. Mar. 12, 2014) .............................................. 20

*Giles v. General Motors Acceptance Corp.*,
   494 F.3d 865 (9th Cir. 2007) ........................................................................ 18

*Holmes v. Johnson & Johnson*,
   617 F. App'x 639 (9th Cir. 2015) ................................................................. 24

*Impeva Labs, Inc. v. Sys. Planning Corp.*,
   2012 WL 3647716 (N.D. Cal. Aug. 23, 2012) ............................................. 17

*Jackson v. Carey*,
   353 F. 3d 750 (9th Cir. 2003) ......................................................................... 2

*Joseph v. Ralphs Grocery Co.*,
   2016 WL 1056648 (C.D. Cal. Mar. 4, 2016) ............................................... 24

*Kearns v. Ford Motor Co*,
   567 F.3d 1120 (9th Cir. 2009)......................................................................... 7

*KEMA, Inc. v. Koperwhats,*
    658 F. Supp. 2d 1022 (N.D. Cal. 2009) ............................................................ 14

*Lenhoff Enterprises, Inc. v. United Talent Agency, Inc.,*
    2015 WL 7008185 (C.D. Cal. Sept. 18, 2015) ............................................. 3, 4

*Lenhoff Enterprises, Inc. v. United Talent Agency, Inc.,*
    729 F. App'x 528 (9th Cir. 2018) ...................................................................... 3

*Lisner v. Sparc Grp. LLC,*
    2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) ................................................ 20

*Lovesy v. Armed Forces Benefit Ass'n,*
    2008 WL 696991 (N.D. Cal. Mar. 13, 2008) .................................................... 3

*Magic Leap, Inc. v. Chi Xu,*
    2020 WL 3268659 (N.D. Cal. June 17, 2020) ................................................... 6

*McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.,*
    339 F.3d 1087 (9th Cir. 2003) ........................................................................ 21

*Mousavi v. Zurich Am. Ins. Co.,*
    2019 WL 8060069 (C.D. Cal. Nov. 5, 2019) .................................................. 24

*Nevada Fleet LLC v. Fedex Corp.,*
    2021 WL 2402953 (E.D. Cal. June 11, 2021) ................................................ 19

*Nevis v. Wells Fargo Bank,*
    2007 WL 2601213 (N.D. Cal. Sept. 6, 2007) ................................................. 22

*O'Connor v. Uber Techs., Inc.,*
    58 F. Supp. 3d 989 (N.D. Cal. 2014) .............................................................. 14

*Orion Tire Corp. v. Gen. Tire, Inc.,*
    1992 WL 295224 (C.D. Cal. Aug. 17, 1992) .................................................. 18

*Qingdao Tang-Buy Int'l Imp. & Exp. Co., Ltd. v. Preferred Secured*
    *Agents, Inc.,*
    2016 WL 6524396 (N.D. Cal. Nov. 3, 2016) .................................................... 8

*Qureshi v. Countrywide Home Loans, Inc.,*
    2010 WL 841669 (N.D. Cal. Mar. 10,2010) .................................................. 22

MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Rachford v. Air Line Pilots Ass'n, Int'l*,
   2006 WL 1699578 (N.D. Cal. June 16, 2006) .................................................. 12

*Rhynes v. Stryker Corp.*,
   2011 WL 2149095 (N.D. Cal. May 31, 2011) ................................................. 21

*Seaman v. Valley Health Care Med. Grp., Inc.*,
   2011 WL 13213625 (C.D. Cal. Apr. 25, 2011) ................................................ 8

*Sierra Nat. Ins. Holdings, Inc. v. Altus Finance, S.A.*,
   2001 WL 1343855 (C.D. Cal. June 20, 2001) ................................................ 16

*Singman v. NBA Properties, Inc.*,
   2014 WL 7892049 (C.D. Cal. Jan. 17, 2014) ................................................. 17

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ................................................... 19, 20, 21

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) .................................................................... 8

*Stearns v. Select Comfort Retail Corp.*,
   2009 WL 1635931 (N.D. Cal. June 5, 2009) .................................................. 22

*Topdevs v. LinkedIn Corp.*,
   2021 WL 3373914 (N.D. Cal. Aug. 3, 2021) .................................................. 20

*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*,
   117 F.Supp.3d 1092 (C.D. Cal. 2015) ......................................................... 18

*United Guar. Mortg. Indem. Co. v. Countrywide Financial Corp.*,
   660 F.Supp.2d 1163 (C.D. Cal. 2009) ......................................................... 18

*United States v. Agbayani Constr. Corp.*,
   2014 WL 3866095 (N.D. Cal. Aug. 5, 2014) .................................................... 6

*United States v. Elias*,
   921 F.2d 870 (9th Cir.1990) ................................................................... 21

*Vess v. Ciba- Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................... 7

*Watkins v. MGA Ent., Inc.*,
   550 F. Supp. 3d 815 (N.D. Cal. 2021)................................................20

*Wynn v. National Broadcasting Co., Inc.*,
   234 F. Supp. 2d 1067 (C.D. Cal. 2002)............................................12

**California Cases**

*A-Mark Coin Co. v. General Mills, Inc.*,
   148 Cal.App.3d 314 (1983).............................................5, 10

*Adkins v. Model Laundry Co.*,
   92 Cal.App. 575 (1928)................................................11

*Augustine v. Trucco* (1954)
   124 Cal. App. 2d 229...........................................12, 13

*Bed Bath & Beyond of La Jolla, Inc. v. La Jolla Village Square
   Venture Partners*,
   52 Cal.App.4th 867 (1997)................................................15

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone
   Co.*,
   20 Cal.4th 163 (1999)................................................23

*Daugherty v. Am. Honda Motor Co., Inc.*,
   144 Cal. App. 4th 824 (2007)................................................23

*Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd.*,
   71 Cal. App. 5th 528 (2021)................................................15

*Dryden v. Tri-Valley Growers*,
   65 Cal. App. 3d 990 (1977)................................................12

*Eltolad Music, Inc. v. April Music, Inc.*,
   139 Cal. App. 3d 697 (1983)................................................13

*Fisher v. MacInness*,
   191 Cal. App. 2d 577 (1961)................................................10

*Gutierrez v. Carmax Auto Superstores California*,
   19 Cal.App.5th 1234 (2018)................................................23

vii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Hays v. Temple*,
  23 Cal.App.2d 690 (1937) ................................................................ 11

*Hills Transp. Co. v. Southwest Forest Industries, Inc.*,
  266 Cal.App.2d 702 (1968) .............................................................. 11

*Katz v. Kapper*,
  7 Cal. App. 2d 1 (1935) ................................................................. 4, 5

*Khoury v. Maly's of California, Inc.*,
  14 Cal.App.4th 612 (1993) ............................................................... 23

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ..................................................... 13, 15, 24

*Kunert v. Mission Financial Services Corp.*,
  110 Cal.4th 242 (2003) .................................................................... 23

*Lange v. TIG Ins. Co.*,
  68 Cal.App.4th 1179 (1998) ............................................................. 17

*Lazar v. Hertz Corp.*,
  69 Cal. App. 4th 1494 (1999) ........................................................... 23

*Madrid v. Perot Systems Corp.*,
  130 Cal. App. 4th 440 (2005) ........................................................... 24

*Marathon Ent., Inc. v. Blasi*,
  42 Cal. 4th 974 (2008) ....................................................................... 9

*McKell v. Washington Mutual, Inc.*,
  142 Cal.App.4th 1457 (2006) ........................................................... 10

*Motors, Inc. v. Times Mirror Co.*,
  102 Cal.App.3d 735 (198) ................................................................. 23

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
  50 Cal.3d 1118 (1990) ........................................................................ 3

*Podolsky v. First Healthcare Corp.*,
  5 Cal.App.4th 632 (1996) ................................................................. 21

MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Robinson Helicopter Co., Inc. v. Dana Corp.,*
    34 Cal.4th 979 (2004)................................................................. 18, 19

*Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.,*
    2 Cal. 5th 505 (2017)................................................................. 14

*San Francisco Design Center Associates v. Portman Companies,*
    41 Cal. App. 4th 29 (1995)....................................................... 4, 5

*Settimo Associates v. Environ Systems, Inc.,*
    14 Cal.App. 4th 842 (1993)...................................................... 5

*Stolz v. Wong Communications Ltd. Partnership,*
    25 Cal. App. 4th 1811 (1994).................................................. 16

*Tri-Growth Centre City, Ltd. v. Silldorf, Burdman, Duignan &*
    *Eisenberg,*
    216 Cal. App. 3d 1139 (1989).................................................. 4

*Union Labor Hosp. v. Vance Lumber Co.,*
    158 Cal. 551 (1910)................................................................... 5

*Westside Ctr. Assocs. v. Safeway Stores 23, Inc.,*
    42 Cal. App. 4th 507 (1996)..................................................... 14

*Zee Med. Distrib. Ass'n v. Zee Med.,*
    80 Cal. App. 4th 1 (2000)......................................................... 3

**California Statutes**

Cal. Civ. Code
    § 1550 ........................................................................................ 10

Cal. Lab. Code
    § 1700.5 ..................................................................................... 9

California Business and Professions Code
    § 17200 *et seq.* ...................................................................*passim*

**Other Authorities**

Fed. Rule Civ. Proc. 8(a) ...........................................................8, 9

Fed. Rule Civ. Proc. 9(b) ....................................................*passim*

MOTION TO DISMISS FIRST AMENDED COMPLAINT

Fed. Rule Civ. Proc. 12(b)(6) ............................................................................ 2, 17

MOTION TO DISMISS FIRST AMENDED COMPLAINT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      Defendant United Talent Agency, LLC ("UTA") moves to dismiss Plaintiff

4   Influences, Inc.'s ("Plaintiff") First Amended Complaint ("FAC") in its entirety.

5   Plaintiff purports to allege claims for: (1) intentional interference with contractual

6   relations; (2) intentional interference with prospective economic relations; (3)

7   negligent interference with prospective economic relations; and (4) unlawful,

8   unfair, and/or fraudulent business practices under California Business and

9   Professions Code section 17200 *et seq.* (the "UCL").  Each of these claims fails on

10   multiple, independent grounds, as discussed below.   Accordingly, UTA

11   respectfully requests that this Court dismiss Plaintiff's FAC with prejudice.

12

## II.   PROCEDURAL AND FACTUAL BACKGROUND

13      On November 19, 2021, Plaintiff filed its operative amended complaint in

14   Case No. 1:21-cv-06807-ER in the United States District Court for the Southern

15   District of New York.   *See* Request for Judicial Notice ("RJN"), Ex. 1.  Plaintiff,

16   together with its principal Ariadna Jacob, sued the New York Times Company

17   and journalist Taylor Lorenz for publishing an allegedly defamatory article about

18   Plaintiff on August 14, 2020.  *See* RJN, Ex. 1, ¶¶ 1-6, 27-53.  One of the primary

19   sources for the article was Brittany Tomlinson ("Tomlinson").  RJN, Ex. 1, ¶¶ 34-

20   36.  Plaintiff expressly disclaimed any contractual relationship with Tomlinson,

21   and alleged the article falsely insinuated that Plaintiff had a contract with

22   Tomlinson.  RJN, Ex. 1, ¶ 37.  Plaintiff alleges that the article was so devastating

23   that it lost all its clients, and that its business and finances were destroyed.  RJN,

24   Ex. 1, ¶¶ 54-58. It was expressly admitted that UTA "was a direct competitor"

25   with Plaintiff.  RJN, Ex. 1, ¶ 57.  Plaintiff further admits that the article caused its

26   clients to breach their contracts and "land at UTA."  RJN, Ex. 1, ¶¶ 57-58, 67.

27      Plaintiff filed the instant action on January 13, 2022.  On February 9, 2022,

28   Plaintiff filed its operative FAC in the instant case.  Plaintiff is a personal manager

for social media influencers on the TikTok application.  FAC, ¶¶ 11-13.  Plaintiff had an "agreement" with each of the following clients: (1) Charli D'Amelio ("Charli"); (2) Dixie D'Amelio ("Dixie"); (3) Tomlinson; and (4) Sebastian Bails ("Bails").  FAC, ¶¶ 11-13.  On January 13, 2020, Charli and Dixie terminated their relationship with Plaintiff, and later signed with UTA.  FAC, ¶ 21. UTA is "one of the nation's foremost talent agencies[.]" FAC, ¶ 3.  At some point, Plaintiff's principal eavesdropped on a phone call between Tomlinson and UTA's Brent Weinstein, who allegedly disparaged Plaintiff and told Tomlinson to leave Plaintiff for UTA.  FAC, ¶ 22.  Tomlinson subsequently left Plaintiff for UTA at some point.  FAC, ¶ 22.   At some other point, Bails also left Influences and signed with UTA.  FAC, ¶ 23.

## III.    LEGAL STANDARD

Rule 12(b)(6) exists to weed out undeserving complaints before parties engage in expensive discovery.  *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 555-559 (2007). On a motion to dismiss, a court "is not required to accept legal conclusions in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754 (9th Cir. 1994). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not presumed to be true. *Twombly*, 550 U.S. at 555. Thus, a court must not accept, as pled in the FAC, "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. When amendment of a complaint would be futile, dismissal should be ordered with prejudice. *Jackson v. Carey*, 353 F. 3d 750, 758 (9th Cir. 2003).

## IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

### A.    Plaintiff's Claim Is Barred By The Competitor's Privilege.

Plaintiff's first claim fails on multiple, independent grounds.  To state a claim for intentional interference with contract, Plaintiff must allege facts

sufficient to establish the following elements: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990).

### 1.      UTA Cannot Interfere With An At-Will Agreement.

"As a matter of law, a claim for interference with contract is improper if the contract is 'at-will.'" *Lovesy v. Armed Forces Benefit Ass'n*, 2008 WL 696991, at *11 (N.D. Cal. Mar. 13, 2008) (dismissing contractual interference claim without leave to amend).  Indeed, the Ninth Circuit has held that "a defendant is ordinarily not subject to liability for intentional interference with contract if the interference consists merely of extending an offer that induces an individual to terminate an at-will relationship." *Lenhoff Enterprises, Inc. v. United Talent Agency, Inc.*, 729 F. App'x 528, 531 (9th Cir. 2018) (affirming motion to dismiss without leave where terms of contract were uncertain).  In the absence of an express term, courts will construe a contract as terminable at-will. *Zee Med. Distrib. Ass'n v. Zee Med.*, 80 Cal. App. 4th 1, 10 (2000).

Here, Plaintiff insufficiently alleges putative contracts with Charli, Dixie, Tomlinson, and Bails.  FAC ¶¶ 15-18. These agreements are pleaded in pure conclusory fashion, without describing their material terms.  At the outset, Plaintiff fails to allege whether these putative contracts were at-will or for a specified term.  As California law assumes contracts are terminable at will, Plaintiff's failure to allege otherwise is fatal to this claim. *See Lenhoff Enterprises, Inc. v. United Talent Agency, Inc.*, 2015 WL 7008185, at *6 (C.D. Cal. Sept. 18, 2015) (dismissing contractual interference claim where plaintiff failed "to plead whether the contractual relationships were at will or for a specified term. Plaintiff

only alleges that the contracts were valid and exclusive.").

### 2. The Competitor's Privilege Applies.

Where, as here, the "contracts are terminable at will, the competitor's privilege applies." *Lenhoff Enterprises*, 2015 WL 7008185, at *5. Under the privilege of free competition, a competitor is free to divert business to itself as long as it uses "fair and reasonable means." *Tri-Growth Centre City, Ltd. v. Silldorf, Burdman, Duignan & Eisenberg,* 216 Cal. App. 3d 1139, 1153 (1989). The law grants competition an unusually wide berth. "[T]he competition privilege is defeated only where the defendant engages in unlawful or illegitimate means." *San Francisco Design Center Associates v. Portman Companies,* 41 Cal. App. 4th 29, 42 (1995). Simply put, the alleged interference "must be illegal[.]" *Id.* Other than the alleged "interference" itself, Plaintiff has not alleged that UTA engaged in any illegal act that is independently actionable. All of Plaintiff's claims center solely on alleged "interference," as opposed to some independently illegal act. FAC ¶¶ 15-18.

To appreciate how well-established and robust the competitor's privilege is, the decision in *Katz v. Kapper*, 7 Cal. App. 2d 1 (1935) is illustrative. In *Katz,* the complaint alleged the defendants' sole intention was "to put the plaintiff out of business, ruin him, deprive him of his customers and custom, and to take away from him all of his business and trade, together with the good will, without any benefit to themselves[.]" *Id.* at 3. The *Katz* defendants were alleged to have been so fiendish that they "maliciously called meetings of the customers of plaintiff, threatened them that they would be driven out of business and ruined if they continued to purchase fish from plaintiff, but promised that if they purchased fish from defendants, they would be given substantial reductions in price, so that they could successfully compete with plaintiff and drive him out of business[.]" *Id.* The defendants were further alleged to have threatened the plaintiff's customers

that they would open a sham retail store solely to drive the plaintiff out of business, if the customers nevertheless continued to purchase fish from the plaintiff. *Id.* Despite such hyperbolic allegations, the appellate court affirmed the outright dismissal of the complaint at the pleadings stage. *Id.* at 4-6. "In California the Supreme Court ... adopted the rule that an act lawful in itself does not become unlawful because of a malicious or wrongful motive.... [This rule] recognize[s] the principle that detriment to business which is incidental to lawful competition is *damnun absque injuria.*" *Id.* at 5. As a more recent court noted, "if the 'coercion' in *Katz* was insufficient to defeat the competition privilege, it is difficult to imagine what conduct would be sufficient if it was not unlawful." *San Francisco Design Ctr.*, 41 Cal. App. 4th at 42; *see also Union Labor Hosp. v. Vance Lumber Co.*, 158 Cal. 551, 554 (1910) (evil motive does not render a lawful action unlawful).

It is now bedrock California law that, in the absence of prohibition by statute, illegitimate means, or some other unlawful element, a defendant seeking to increase its own business may cut rates or prices, allow discounts or rebates, enter into secret negotiations behind the plaintiff's back, refuse to deal with him or threaten to discharge employees who do, or even refuse to deal with third parties unless they cease dealing with the plaintiff, all without incurring liability. *A-Mark Coin Co. v. General Mills, In*c., 148 Cal.App.3d 314, 323-324 (1983). Thus, there is no tort for offering outrageously low discounts (*C. Pappas Co., Inc. v. E. & J. Gallo Winery,* 610 F.Supp. 662, 669 (E.D. Cal. 1985)) and it is ***not*** actionable to outbid a competitor for a deal, even if done as an ***unlicensed*** contractor. *Settimo Associates v. Environ Systems, Inc.*, 14 Cal.App. 4th 842, 845-46 (1993). The FAC's allegations, such as they are, clearly do not overcome the competitor's privilege. FAC ¶¶ 15-28.

Here, Plaintiff fails to allege ***any*** facts as to whether its purported

agreements with its clients were terminable at-will or for a specified term. The Court must therefore construe the alleged contracts as terminable at-will. The competitor's privilege applies. Respectfully, this cause of action should be dismissed.

### B. The Intentional Interference With Contractual Relations Claim Fails To Satisfy Rule 9(b).

"To the extent that a claim involves both fraudulent conduct and non-fraudulent conduct, 'the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements" and must be pleaded with particularity.'" *Magic Leap, Inc. v. Chi Xu*, 2020 WL 3268659, at *6 (N.D. Cal. June 17, 2020). Here, Plaintiff asserts that its interference with contract claim is based on an alleged course of fraudulent conduct. Plaintiff seeks punitive damages on the basis that UTA acted "maliciously, ***fraudulently***, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to despicable conduct." FAC ¶ 7 (emphasis added).

Therefore, the interference with contract claim is subject to Rule 9(b)'s heightened pleading standard. *See, e.g., AlterG, Inc. v. Boost Treadmills LLC*, 2019 WL 4221599, at *12–13 (N.D. Cal. Sept. 5, 2019) (interference with contract claim was subject to Rule 9(b) because the complaint alleged that defendants "committed the aforementioned acts maliciously, fraudulently, and oppressively, with the wrongful intention of injuring AlterG"); *Magic Leap, Inc.*, 2020 WL 3268659, at *6 ("Defendants are correct that Rule 9(b)'s heightened pleading standard for fraud claims applies to Plaintiff's interference with contract claim to the extent that it is based on fraud."); *United States v. Agbayani Constr. Corp.*, 2014 WL 3866095, at *3 (N.D. Cal. Aug. 5, 2014) (Rule 9(b) applied where plaintiff sought punitive damages for contractual interference claim based on allegations of defendant's "willful, oppressive, and fraudulent" conduct).

Plaintiff fails to adequately plead the actions allegedly constituting interference. Under Rule 9(b), the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co*, 567 F.3d 1120, 1124 (9th Cir. 2009). In other words, allegations of fraud must set forth "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba- Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted).

Here, Plaintiff's FAC fails to meet the Rule 9(b) standard because it does not allege any specific facts regarding the who, what, when, where, and how of UTA's alleged interference with the contracts of Charli, Dixie, Tomlison, and Bails. *See Vess*, 317 F.3d at 1106. Plaintiff fails to specify **what** actions UTA took that were aimed at inducing each of these four clients to breach their contracts with Plaintiff, **who** at UTA took such actions, **when** and **where** the alleged interference took place, or **how** UTA's conduct was aimed at inducing four separate individuals to breach their contracts. Plaintiff simply relies on vague, formulaic, and conclusory allegations, which entirely fail to differentiate between the numerous contracts at issue. FAC ¶¶ 33-38. This mere recitation of the elements of the cause of action does not satisfy Rule 9(b) because it fails to give UTA specific notice of its alleged misconduct. *Kearns*, 567 F.3d at 1124.

Recently, Judge Breyer held that Rule 9(b) governed a contractual interference claim where the plaintiff alleged the defendant "made false and misleading statements about Dexon and the products it sells to these customers in order to disrupt the contractual relationship and to cause these customers to purchase product from Cisco authorized resellers." *Cisco Sys., Inc. v. Dexon Computer, Inc.*, 2021 WL 5848080, at *9 (N.D. Cal. Dec. 9, 2021). Judge Breyer dismissed the claim due to its lack of specificity. *Id.* So too here. The FAC

alleges that "Plaintiff is aware that Defendant specifically made false and disparaging representations regarding Plaintiff to Tomlinson and Bails wherein they were specifically encouraged/induced to terminate/disrupt their contracts/economic relationships with Plaintiff." FAC ¶ 35. Plaintiff's allegation is even less specific than the deficient allegation in *Cisco Systems.* Just as in that case, Rule 9(b) applies. Just as in that case, the claim should be dismissed.

### C.   The First Claim Fails Under Rule 8(a).

Plaintiff's contractual interference claim fails even under the notice pleading standard. Under the notice pleading standard of Rule 8(a), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8(a). A plaintiff must plead the "grounds of his entitlement to relief" by offering "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although a court must accept well- pleaded factual allegations as true, it is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *see also Iqbal,* 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth).

A complaint that merely recites the elements of an interference claim is insufficient under Rule 8(a). *See, e.g.*, *Seaman v. Valley Health Care Med. Grp., Inc.,* 2011 WL 13213625, at *3-4 (C.D. Cal. Apr. 25, 2011) (allegation that "Cross–Defendants, and each of them, intended to disrupt, and did in fact disrupt, the performance of contracts" was insufficient to plead interference with contract under Rule 8(a)); *Qingdao Tang-Buy Int'l Imp. & Exp. Co., Ltd. v. Preferred Secured Agents, Inc.,* 2016 WL 6524396, at *5 (N.D. Cal. Nov. 3, 2016) (plaintiff

failed to state interference with contract claim because its "allegations say nothing about what Mr. Kule allegedly did to force the payment of his commission").

Here, Plaintiff pleads no facts regarding what UTA allegedly did to interfere with the contracts of Charli, Dixie, Tomlison, and Bails. The FAC's conclusory allegations are plainly deficient under Rule 8(a).

### 1. Plaintiff Fails To Plead Facts Sufficient To Allege Multiple Contracts.

In order to plead a viable interference with contract claim, Plaintiff must plead facts sufficient to show the existence of a valid contract and the breach of that contract. *CRST Van Expedited, Inc. v. Werner Enters., Inc*., 479 F.3d 1099, 1105 (9th Cir. 2007). It is clear that contracts have not been sufficiently pleaded with respect to each of Charli, Dixie, Tomlinson, and Bails. Dismissal is proper where the plaintiff fails to adequately plead a contract. *See AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 956 (N.D. Cal. 2003) (dismissing contractual interference claim because plaintiff made only "conclusory allegations that valid 'contracts' exist" between plaintiff and third parties).

As Plaintiff is a personal manager, it is especially important to establish the terms of the putative contracts at issue. California's Talent Agencies Act requires anyone who solicits or procures employment or artistic engagements for artists to obtain a talent agency license. Cal. Lab. Code § 1700.5. Thus, "a personal manager who solicits or procures employment for his artist-client is subject to and must abide by the Act." *Marathon Ent., Inc. v. Blasi*, 42 Cal. 4th 974, 986 (2008). "Courts are empowered under the severability doctrine to consider the central purposes of a contract; if they determine in a given instance that the parties intended for the representative to function as an unlicensed talent agency or that the representative engaged in substantial procurement activities that are

inseparable from managerial services, they may void the entire contract." *Id.* at 997–98.  A void contract cannot form the basis for an interference claim. *A–Mark Coin Co.*, 148 Cal. App. 3d at 320–21.  Plaintiff must put UTA on fair notice as to whether its claims are based on contracts that are void *ab initio*.

It is elemental that for a contract to exist, there must be parties capable of contracting, consent of the parties, a lawful object and consideration.  Cal. Civ. Code, § 1550.  The failure to sufficiently identify the parties or essential terms constitutes a failure to allege the contract.  Here, Plaintiff fails to allege whether the putative contracts are written or oral. "A written contract is usually pleaded by alleging its making and then setting it out verbatim ('*in haec verba*') in the body of the complaint or as a copy attached and incorporated by reference."  4 Witkin, Cal. Proc. 6th Plead § 526 (2022).  Plaintiff fails to attach any contracts to the FAC or to set out the contracts' terms verbatim.

"Upon plaintiff's failure to allege whether the contract was written or oral, the trial court was entitled to presume, for the purpose of [dismissal], that it was oral." *Fisher v. MacInness*, 191 Cal. App. 2d 577, 580 (1961).  When a contract is oral, it must be pleaded according to its legal effect.  4 Witkin, Cal. Proc. 6th Plead § 530 (2022).  "In order to plead a contract by its legal effect, plaintiff must 'allege the substance of its relevant terms.'" *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1489 (2006).  This is more difficult than pleading a contract verbatim, for it requires a careful analysis of the agreement, comprehensiveness in statement, and avoidance of legal conclusions. *Id.*  Where, as here, the allegations fail to plead the contract with certainty, the complaint is subject to dismissal. *Fed. Deposit Ins. Corp. v. Corelogic Valuation Servs.,* 2012 WL 12878647, at *3 (C.D. Cal. Feb. 6, 2012) ("Defendants must know whether the contract is oral or written to determine whether they should bring a statute of frauds defense.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Where a complaint fails to sufficiently allege a valid contract, it is subject to dismissal.  *See, e.g., Adkins v. Model Laundry Co.,* 92 Cal.App. 575, 580 (1928) (uncertainty as to fact of agreement and duration); *Hays v. Temple*, 23 Cal.App.2d 690, 692 (1937) (pleading was uncertain as to nature of contractual relationship); *Hills Transp. Co. v. Southwest Forest Industries, Inc.,* 266 Cal.App.2d 702, 706 (1968) (no specification whether contract was written or oral; duration was alleged only to be "reasonable time").

Finally, Plaintiff fails to identify the parties to the contracts at issue.  It is not at all clear whether Plaintiff itself is even a party to these contracts.  This is especially important as Plaintiff has ***expressly disclaimed*** that it is a party to a contractual relationship with Tomlinson.  *See,* RJN, Ex. 1, ¶ 37 ("First, Tomlinson was not signed to Influences on the business agreement the Article refers to, but Tomlinson rather was signed to another company in which Jacob was one-third owner called "Creator Edge").  Plaintiff goes to great lengths to disaffirm ***any*** contractual relationship with Tomlinson, asserting:

> Although Tomlinson's agreement does appear to reference Influences as a "dba" of Creator Edge, this was a misnomer and is incorrect. Creator Edge and Influences are separate and distinct legal entities, and one is not a fictitious name, assumed name, or trade name of other. They are simply affiliated companies because Jacob is a common owner/officer. Lorenz (assuming she even reviewed the Tomlinson agreement prior to authoring the Article) is a sophisticated, educated, and intelligent journalist and should have understood this distinction. The signatories to the agreement were Tomlinson and Creator Edge – not Influences.

*See,* RJN, Ex. 1, ¶ 37 n. 3.

The contractual interference claim should be dismissed on this independent ground.

### 2. Plaintiff Fails To Allege Facts Sufficient To Plead UTA's Knowledge.

Plaintiff must plead the "defendant's knowledge of th[e] contract" for an interference with contract claim to survive. *CRST Van Expedited,* 479 F.3d at 1105. The FAC fails to plead facts sufficient to establish UTA's knowledge of any contracts involving Charli and Dixie. FAC, ¶ 27. The FAC fails to plead any facts supporting the unwarranted inference that UTA knew of such contracts, and it is improper to assume Plaintiff "can prove facts that it has not alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### 3. Plaintiff Has Not Adequately Pleaded Causation.

Critically, without the requisite causation, no cause of action for intentional interference with contractual relations exists. Plaintiff "must allege that the contract would otherwise have been performed, and that it was breached and abandoned by reason of the defendant's wrongful act and that such act was the moving cause thereof." *Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 997 (1977); *see also Rachford v. Air Line Pilots Ass'n, Int'l*, 2006 WL 1699578, at *7 (N.D. Cal. June 16, 2006) (claim for intentional interference with contract dismissed with prejudice); *Wynn v. National Broadcasting Co., Inc.*, 234 F. Supp. 2d 1067, 1121-1122 (C.D. Cal. 2002) (quoting *Dryden*); *Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 532 (N.D. Cal. 2000) (quoting *Dryden*).

In *Augustine v. Trucco* (1954) 124 Cal. App. 2d 229, 246-247, the court held that no intentional interference action existed in a case involving allegations that defendant brokers induced property sellers to breach their contract with plaintiff broker and to use defendants to make a sale to buyers originally procured by plaintiff. The court noted that there was "no allegation that the [sellers] would otherwise have performed any contract with plaintiff, or that it was breached or

12

abandoned by any wrongful act of [defendant brokers], or that any act of [defendant brokers] was the moving cause of the [sellers'] breaching the contract." *Id.*  In another case citing *Dryden* and *Augustine*, the court held that to establish a claim for interference with contractual relations, the defendant's conduct must be "the" sole moving cause, and not merely "a" moving cause, of the breach of the plaintiff's contract. *Eltolad Music, Inc. v. April Music, Inc.*, 139 Cal. App. 3d 697, 708 (1983).

Plaintiff's allegations within the FAC do not come close to establishing that UTA was "the" sole moving cause of any failure of Plaintiff's clients to perform their purported obligations to Plaintiff.  FAC ¶¶ 15-28.  In fact, Plaintiff ignores the subject entirely.  Notably, Plaintiff has simultaneously alleged, in excruciating detail, that a *New York Times* article and Tomlinson's personal actions resulted in the supposed total destruction of Plaintiff's ability to conduct business.  *See,* RJN, Ex. 1, ¶¶ 27-67.  Because Plaintiff fails to establish the requisite causation, it cannot state an interference claim against Defendant.

## V.   THE COMPLAINT FAILS TO STATE A CLAIM FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

To state a claim for intentional interference with prospective economic advantage, a plaintiff must allege that the defendant engaged in intentionally wrongful acts designed to disrupt a plaintiff's relationship. In particular, a plaintiff must plead (1) that the defendant engaged in an independently wrongful act, and (2) that the defendant acted either with the desire to interfere or the knowledge that interference was certain or substantially certain to occur as a result of its action. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1164-65 (2003). An act is independently wrongful if it is unlawful, which means that it must be conduct proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard. *Id*. at 1159.

## A. Plaintiff Cannot Pursue This Claim Based On Contractual Relationships.

The California Supreme Court has held that the tort of interference with prospective economic advantage applies only to interference with existing **noncontractual** relations. *Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*, 2 Cal. 5th 505, 517 (2017); *see also Westside Ctr. Assocs. v. Safeway Stores 23, Inc.,* 42 Cal. App. 4th 507, 524 (1996) (same); *KEMA, Inc. v. Koperwhats*, 658 F. Supp. 2d 1022, 1034 (N.D. Cal. 2009) (same); *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 997 (N.D. Cal. 2014).

Here, Plaintiff has expressly alleged **contractual** relationships with Charli, Dixie, Tomlinson, and Bails.   FAC ¶¶ 15-17.   In its second claim, Plaintiff likewise admits these were contractual relationships.  FAC ¶¶ 34-36.  Plainly, the second claim is duplicative of the first claim for contractual interference.  FAC ¶¶ 26-38.  As a matter of law, the second claim should be dismissed, as it is based on contractual, rather than noncontractual, relationships.

## B. The Second Claim Is Insufficient Under Rule 9(b).

For the reasons stated above with respect to Plaintiff's first claim for contractual interference, Plaintiff's second claim for interference with prospective economic relations also fails to satisfy Rule 9(b). *See, e.g., Cisco Sys.,* 2021 WL 5848080, at *9 (dismissing interference with economic relations claim for lack of specificity under rule 9(b)); *AlterG,* 2019 WL 4221599, at *14 (same).  Where, as here, a plaintiff alleges the defendant acted "maliciously, fraudulently, and oppressively," a claim for intentional interference with prospective economic relations "must also meet the pleading requirements of Rule 9(b)." *Id.* Once again, Plaintiff does not allege the who, what, when, and where requirements of Rule 9(b). "Such vague allegations do not satisfy federal pleading requirements because defendants are not on notice of which relationships they allegedly

disrupted." *AccuImage Diagnostics Corp*, 260 F. Supp. 2d at 957.

### C. Plaintiff Fails To Allege An Independently Wrongful Act.

To state a claim for intentional interference under California law, a plaintiff must allege that "the defendant engaged in an independently wrongful act," that is "wrongful by some legal measure other than the act of interference itself." *Korea Supply Co.,* 29 Cal.4th at 1153. Interference based on lawful competition is not actionable. *See generally Bed Bath & Beyond of La Jolla, Inc. v. La Jolla Village Square Venture Partners,* 52 Cal.App.4th 867 (1997) (finding that plaintiff did not have a claim for intentional interference with prospective advantage when defendant competitor competed successfully for a lease). "[T]he requirement that the defendant's interference be independently wrongful is an essential—and, indeed, defining and *limiting*—aspect of the tort of intentional interference with a prospective economic advantage. It is quite literally the element that causes the interference to be a tort." *Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd.*, 71 Cal. App. 5th 528, 539 (2021) (emphasis in original).

Here, Plaintiff has failed to allege any independently actionable claim against UTA, other than the alleged interference itself. Plaintiff only makes the conclusory allegation that UTA made "false and disparaging representations regarding Plaintiff to Tomlinson and Bails[.]" FAC ¶ 28. Plaintiff provides no specificity whatsoever as to what these "representations" were, when they were made, and who made them. Notably, Plaintiff does ***not*** contend these unspecified representations are independently actionable. Plaintiff has pleaded no independent claims against UTA other than its interference claims. For this reason alone, the second claim for intentional interference with prospective economic relations should be dismissed.

Courts routinely dismiss prospective economic relations where the plaintiff has failed to specifically plead an independently wrongful act. *See BioResource,*

*Inc. v. U.S. PharmaCo Distribution, Ltd.,* 2010 WL 3853025, at *3 (N.D.Cal. Sept. 29, 2010) ("While fraud and misrepresentation can constitute independently wrongful conduct to support a claim for intentional interference with prospective economic advantage, those allegations must satisfy Federal Rule of Civil Procedure 9(b)."). "Because [Plaintiff] has not adequately pled a separate cause of action such as fraud ... as the basis of independently wrongful conduct, [Plaintiff] fails to allege a cause of action for interference with prospective business relations." *Bus. Integration Tech. v. MuleSoft Inc.,* 2011 WL 5914012, at *8 (N.D.Cal. Nov. 28, 2011).

## VI.   THE THIRD CLAIM FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

### A.   UTA Owes Plaintiff No Duty As A Matter Of Law.

"The tort of negligent interference with prospective economic relationship arises only when the defendant owes the plaintiff a duty of care." *Stolz v. Wong Communications Ltd. Partnership*, 25 Cal. App. 4th 1811, 1825 (1994). Parties that are competitors cannot owe a duty of care to one another as a matter of law. *Stolz*, 25 Cal. 4th at 1825 ("The complaint did not allege such a duty, nor could it, since it was plain that plaintiff and defendants were competitors."); *Sierra Nat. Ins. Holdings, Inc. v. Altus Finance, S.A.*, 2001 WL 1343855, at *55 (C.D. Cal. June 20, 2001) (explaining that not only were plaintiff and defendants competitors, but they also did not have any kind of dependence on the other's conduct to carry on their own respective business, and concluding that "[t]here being no 'duty' (from either a practical or legal perspective), the negligence claim cannot survive.").

Federal district courts, applying California law, have repeatedly held that negligent interference with prospective economic advantage does not apply to competitors. *See, e.g., Accuimage Diagnostics Corp.*, 260 F. Supp. 2d at 957 ("The court does not find that a duty of care exists between [defendant] and

[plaintiff] as competitors."); *California Expanded Metal Prod. Co. v. ClarkWestern Dietrich Bldg. Sys. LLC*, 2014 WL 5475214, at *3 (C.D. Cal. Oct. 29, 2014) (dismissing the claim with prejudice because "the parties are competitors whose businesses are not interrelated in any way"); *Behr Process Corp. v. RPM Int'l Inc.*, 2014 WL 12584385, at *5 (C.D. Cal. May 20, 2014) (same); *Impeva Labs, Inc. v. Sys. Planning Corp.*, 2012 WL 3647716, at *7 (N.D. Cal. Aug. 23, 2012) (explaining that, because the first amended complaint "makes clear that Defendants, as direct competitors to [plaintiff], owed [plaintiff] no duty of care, the court grants Defendants' motion to dismiss [plaintiff's] negligent interference claim with prejudice."); *Singman v. NBA Properties, Inc.*, 2014 WL 7892049, at *5 (C.D. Cal. Jan. 17, 2014) (same).

California law does not allow the imposition of any "special relationship" or "duty of care" on competitors. As such, Plaintiff cannot meet an essential element of its claim for negligent interference and so the claim should be dismissed under Rule 12(b)(6), with prejudice.

### B.  Plaintiff Alleges No Independently Wrongful Act.

As with the intentional interference claim, a negligent interference claim must also be premised on independently wrongful conduct. *See Lange v. TIG Ins. Co.*, 68 Cal.App.4th 1179, 1185 (1998) (so stating). Here, Plaintiff's intentional interference and negligent interference claims are based on the same conduct. As shown above, as Plaintiff fails to plead an independently wrongful act, the negligent interference claim also fails. *Singman*, 2014 WL 7892049, at *5 (dismissing negligent interference claim on this basis).

### C.  Plaintiff Alleges Intentional, Not Negligent, Conduct.

Plaintiff's third claim for negligent interference relies on the same allegations supporting its previous claims for intentional interference. It is proper to dismiss a negligent interference claim where the complaint is "rife with allegations of intentional, not negligent, conduct." *AccuImage Diagnostics Corp.*, 260 F. Supp.

2d at 958 (dismissing negligent interference claim on this basis).

### D.   The Competitor's Privilege Applies.

In California, "there exists a broad privilege afforded to a competitor to divert a prospective relationship to itself." *Orion Tire Corp. v. Gen. Tire, Inc.*, 1992 WL 295224, at *3 (C.D. Cal. Aug. 17, 1992). The competitor's privilege applies to claims for negligent interference as well as intentional interference. *Id.* Under California law, Plaintiff's third claim is barred by the competitor's privilege.

## VII.   <u>THE FIRST THREE CLAIMS ARE BARRED BY THE ECONOMIC LOSS RULE</u>

The economic loss doctrine bars Plaintiff's tort claims. "Generally, purely economic losses are not recoverable in tort." *UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F.Supp.3d 1092, 1103 (C.D. Cal. 2015). As stated by the Ninth Circuit:

> Broadly speaking, the economic loss doctrine is designed to maintain a distinction between damage remedies for breach of contract and for tort. The term 'economic loss' refers to damages that are solely monetary, as opposed to damages involving physical harm to person or property. The economic loss doctrine provides that certain economic losses are properly remediable only in contract. [It] has roots in common law limitations on recovery of damages in negligence actions in the absence of physical harm to person or property.

> *Giles v. General Motors Acceptance Corp.,* 494 F.3d 865, 873 (9th Cir. 2007).

The rule generally bars tort claims based on contract breaches, "thereby limiting contracting parties to contract damages." *United Guar. Mortg. Indem. Co. v. Countrywide Financial Corp.,* 660 F.Supp.2d 1163, 1180 (C.D. Cal. 2009). The California Supreme Court has noted that the economic loss rule "prevents the law of contract and the law of tort from dissolving into one another." *Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal.4th 979, 988 (2004). As a result, the

rationale for the rule is particularly strong where a party alleges a claim based on "commercial activities that negligently or inadvertently [went] awry." *Robinson Helicopter,* 34 Cal.4th at 991 n. 7.

Here, Plaintiff's purported claims for intentional interference with contractual relations, intentional interference with prospective economic relations, and negligent interference with contractual relations are based entirely on alleged contractual breaches. *Nevada Fleet LLC v. Fedex Corp.*, 2021 WL 2402953, at *7 (E.D. Cal. June 11, 2021) (dismissing identical claims under economic loss rule). Plaintiff expressly measures its damages based on contractual breaches. FAC, ¶¶ 30, 37, 44. Accordingly, the economic loss doctrine precludes each of these claims.

## VII.   THE COMPLAINT FAILS TO STATE A UCL CLAIM

### A. As A Matter Of Law, Plaintiff Cannot Seek Equitable Restitution.

The Ninth Circuit recently reiterated the long-standing principle that plaintiffs "must establish that [they] lack[] an adequate remedy at law before securing" equitable relief under the UCL. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). In *Sonner,* reaffirming the age-old equity jurisdiction of the federal courts, the Ninth Circuit held that a plaintiff cannot seek restitution under the UCL (an equitable remedy) if it possesses an adequate remedy at law. *Id.* at 845. Here, Plaintiff does not, because it cannot, allege it lacks an adequate remedy at law. The UCL claim fails.

The Ninth Circuit held that a plaintiff bears the burden to establish that it lacks an adequate remedy at law in order to proceed with a claim for restitution under the UCL. *Id.* at 844. The *Sonner* plaintiff failed to meet her burden. *Id.* First, the operative complaint failed to allege that the plaintiff lacked an adequate legal remedy. *Id.* Second, the plaintiff sought the same amount in equitable restitution as she had previously sought in damages for the same harm. *Id.* Using common

sense, the Ninth Circuit failed to see how "the same amount of money for the exact same harm is inadequate or incomplete[.]" *Id.*

The UCL only provides for the equitable remedies of injunctive relief and restitution. *See Id.*, at 839 n. 2. Here, Plaintiff seeks the same amount in equitable restitution as it seeks as money damages (a legal remedy) under its tort claims. *See* FAC, ¶¶ 30, 37, 44, 50. This is an identical situation to *Sonner*, where the plaintiff's UCL restitution claim was duplicative of her CLRA actual damages claim. *Sonner*, 971 F.3d at 844; *see also In re Ford Tailgate Litig.*, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014) (dismissing certain equitable relief claims and noting that, where an equitable relief claim "relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action").

This Court and "the majority of district courts have held that *Sonner's* reasoning applies at the pleading stage." *Lisner v. Sparc Grp. LLC*, 2021 WL 6284158, at *8 (C.D. Cal. Dec. 29, 2021). "While in *Sonner* this issue arose at a late stage of the case [albeit, on a motion to dismiss], numerous courts in the wake of that decision have concluded that its reasoning applies at the pleading stage as well." *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 837 (N.D. Cal. 2021) (listing cases); *see also Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1121 (C.D. Cal. 2021) ("nothing about the opinion suggests its reasoning applies only late in the case and not at the pleading stage"). "The clear rule in *Sonner* [is] that plaintiffs must plead the inadequacy of legal remedies before requesting equitable relief." *Adams v. Cole Haan, LLC*, 2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020) (dismissing equitable relief in pricing case); *see also Topdevs v. LinkedIn Corp.*, 2021 WL 3373914, at *5 (N.D. Cal. Aug. 3, 2021).

The Ninth Circuit has held that the relevant test is whether an adequate

MOTION TO DISMISS FIRST AMENDED COMPLAINT

damages remedy is *available*, not whether the plaintiff elects to pursue it, or whether it will be successful in that pursuit.  For example, in *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc*., 339 F.3d 1087 (9th Cir. 2003) the Ninth Circuit held that equitable relief was not available to a plaintiff because it had "potential legal claims against any number of parties," and "[w]hether [a plaintiff] chooses to pursue these remedies... does not alter the *availability* of the remedies at law." *McKesson*, 339 F.3d at 1093 (emphasis added); *see also United States v. Elias*, 921 F.2d 870, 874 (9th Cir.1990) ("Failure to comply with a remedy at law does not make it inadequate so as to require the district court to exercise its equitable jurisdiction."); *Rhynes v. Stryker Corp.*, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Plaintiffs' argument that they will have no adequate remedy at law if their other claims fail is unavailing. Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.") (emphasis in original). As Plaintiff concedes a legal remedy is available, the UCL claim must be dismissed with prejudice under *Sonner.*

### B. Plaintiff Fails to Allege Sufficient Facts to Support Its UCL Claim.

"Because Business and Professions Code section 17200 is written in the disjunctive, it established three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent." *Podolsky v. First Healthcare Corp.*, 5 Cal.App.4th 632, 647 (1996).  Plaintiff's claims fail under all three prongs of the UCL.

Plaintiff's UCL claim consists of nothing more than a clipped recitation of the claim's elements. FAC ¶¶ 46-52.  For example, Plaintiff does not even attempt to identify the conduct that it alleges supports its assertion that UTA has engaged in "unfair" and "unlawful" conduct within the meaning of Section 17200. Plaintiff states only that UTA's "scheme of operation is outlined above with respect to

1  Defendant's interference with Plaintiff's contract and/or economic relationships."
2  FAC ¶ 48. Rather than identify the conduct "outlined above," Plaintiff
3  incorporates by reference all the preceding allegations in the FAC. FAC ¶ 46.

4      Plaintiff's UCL claim thus fails for indefiniteness. Courts regularly dismiss
5  UCL claims for this very defect. *See, e.g., Bonner v. Redwood Mortgage Corp.*,
6  2010 WL 1267069, at *8 (N.D. Cal. Mar. 29, 2010) (holding complaint was
7  "plainly insufficient under *Iqbal* and *Twombly*" where it alleged only that "[b]y
8  committing the acts described herein, defendants . . . have engaged in unfair
9  business practice, causing injury and damages to Plaintiff and therefore violated
10 [Section 17200]" without any supporting factual allegations (internal quotation
11 omitted)); *Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669, at *7
12 (N.D. Cal. Mar. 10, 2010) (holding 17200 claim alleging defendants "committed
13 unlawful, unfair and/or fraudulent business practices" without particular facts in
14 support thereof was "precisely the type of 'unadorned, the defendant-unlawfully-
15 harmed-me accusation' that the Supreme Court has held is impermissible")
16 (*quoting Iqbal*, 129 S. Ct. at 1949); *Nevis v. Wells Fargo Bank*, 2007 WL
17 2601213, at *5 (N.D. Cal. Sept. 6, 2007) (dismissing 17200 claim for failure to
18 allege "particular conduct, practices, or activities" that gave rise to claim).  For
19 this further reason, the UCL claim should be dismissed.

20  **1.     Plaintiff's UCL Claim Fails Under The Unlawful Prong.**

21      "The unlawful prong of the UCL 'borrows violations of other laws and
22 treats them as unlawful practices,' which the UCL then 'makes independently
23 actionable.'"  *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 858-59 (N.D.
24 Cal. 2012).  If the predicate laws supporting a violation of the unlawful prong of
25 the UCL fail, the UCL claim fails as well.  *Stearns v. Select Comfort Retail Corp.*,
26 2009 WL 1635931, *16 (N.D. Cal. June 5, 2009). (dismissing unlawful prong
27 claim because the underlying statutory violations were "subject to dismissal");

1   *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 837 (2007)

2   (holding that plaintiff "cannot state a violation of the UCL under the 'unlawful'

3   prong" because the court had rejected plaintiff's claim that defendants conduct

4   was a violation of a predicate law).   As demonstrated above, Plaintiff fails to

5   allege any independent violation of the law by UTA.   The UCL claim fails under

6   the unlawful prong.

7           **2.      Plaintiff's UCL Claim Fails Under The Unfair Prong.**

8           "Unfair" under the UCL means "conduct that threatens an incipient

9   violation of an antitrust law, or violates the policy or spirit of one of those laws

10  because its effects are comparable to or the same as a violation of the law, or

11  otherwise   significantly   threatens   or   harms   competition." *Cel-Tech*

12  *Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 187

13  (1999). Here, Plaintiff does ***not*** allege an incipient violation of an antitrust law,

14  nor does it allege violation of a policy of an antitrust law.

15          To proceed under the unfair prong, Plaintiff is required to allege, among

16  other things, how the harm caused by the conduct claimed to be unfair outweighs

17  any benefits said conduct may have, and Plaintiff has failed to do so. *Motors, Inc.*

18  *v. Times Mirror Co.,* 102 Cal.App.3d 735, 740 (1980). Furthermore, a UCL claim

19  based upon unfairness will not lie where, as here, the claimed unfair conduct has

20  either expressly been shown to not be unlawful or where the conduct sought by

21  the plaintiff is not required by law. *Lazar v. Hertz Corp.,* 69 Cal. App. 4th 1494

22  (1999); *Kunert v. Mission Financial Services Corp.,* 110 Cal.4th 242 (2003).

23          Additionally, "[a] plaintiff alleging unfair business practices under these

24  statutes must state with reasonable particularity the facts supporting the statutory

25  elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th

26  612, 619 (1993); *Gutierrez v. Carmax Auto Superstores California,* 19

27  Cal.App.5th 1234, 1261 (2018).   Here, Plaintiff has only alleged legal

28

1    conclusions.  The UCL claim fails under the unfair prong.

2    ### 3.    Plaintiff's UCL Claim Fails Under The Fraudulent Prong.

3        Rule 9(b)'s heightened pleading standard applies to the UCL's fraudulent

4    prong. *See Holmes v. Johnson & Johnson*, 617 F. App'x 639, 644 (9th Cir. 2015)

5    (affirming district court's dismissal of UCL claim under fraudulent prong because

6    "the allegations were insufficiently specific under Rule 9(b)"); *Mousavi v. Zurich

7    Am. Ins. Co.*, 2019 WL 8060069, at *8 (C.D. Cal. Nov. 5, 2019) (same); *Joseph v.

8    Ralphs Grocery Co.*, 2016 WL 1056648, at *3 (C.D. Cal. Mar. 4, 2016) ("A

9    plaintiff suing under the 'fraudulent' prong must satisfy Rule 9(b)'s particularity

10   requirements.").  As discussed above, Plaintiff's claims wholly fail to satisfy the

11   exacting requirements of Rule 9(b).  The UCL claims fails under the fraudulent

12   prong.

13   ### 4.    Plaintiff May Not Seek Nonrestitutionary Disgorgement.

14       As the California Supreme Court explained, "an order for restitution is one

15   compelling a UCL defendant to return money obtained through an unfair business

16   practice to those persons in interest from whom the property was taken, that is, to

17   persons who had an ownership interest in the property." *Korea Supply Co.,* 29

18   Cal.4th at 1144–1145. In *Korea Supply,* it was held that "[a]ny award that plaintiff

19   would recover from defendants would not be restitutionary as it would not replace

20   any money or property that defendants took directly from plaintiff." *Id.* at 1149.

21   At best, the court reasoned, the plaintiff had an "expectancy" interest in receiving

22   the benefits of a contract but for the defendant's wrongful conduct, which was

23   unrecoverable under the UCL. *Id.*   Critically, the plaintiff was not seeking "not

24   seeking the return of money or property that was once in its possession." *Id.*  So

25   too here.  Plaintiff does ***not*** seek the return of any money that was once in its

26   possession.  Plaintiff does ***not*** allege it paid any money to UTA.  It thus cannot

27   recover restitution under the UCL. *See Madrid v. Perot Systems Corp.,* 130 Cal.

28

App. 4th 440, 455-56 (2005) ("We also reject plaintiff's apparent position that he could recover money Perot received from third parties.").

**VIII.** <u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that the Court grant the instant motion to dismiss Plaintiff's FAC, without leave to amend.

Dated:  April 11, 2022                         FREEDMAN + TAITELMAN, LLP


                                                  /s/ *Sean M. Hardy*
                                                Bryan J. Freedman
                                                Sean M. Hardy
                                                *Attorneys for Defendant,*
                                                UNITED TALENT AGENCY, LLC

MOTION TO DISMISS FIRST AMENDED COMPLAINT