# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| INFLUENCES, INC., <br>       Plaintiff, <br>   v. <br> UNITED TALENT AGENCY, LLC, <br>       Defendant. | CV 22-00296 TJH (MARx) <br><br> Order <br><br> JS-6 |

      The Court has considered Defendant United Talent Agency, LLC's ["UTA"] motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [dkt. # 19], together with the moving and opposing papers.

      On January 13, 2022, Plaintiff Influences, Inc. ["Influences"] filed its initial Complaint, alleging four state law claims and that UTA is a corporation. On February 9, 2022, Influences filed a First Amended Complaint ["FAC"] to reflect, *inter alia*, that UTA is a limited liability company ["LLC"].

      In its FAC, Influences alleged subject matter jurisdiction based on diversity. Specifically, Influences alleged that: (1) It is a Delaware corporation with its principal place of business in Nevada; (2) UTA is a Delaware limited liability company with its principal place of business in California; and (3) None of UTA's LLC members are

residents or citizens of Nevada.

Parties invoking the Court's subject matter jurisdiction based on diversity must affirmatively allege the citizenship of each party. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Though UTA did not challenge Influence's jurisdictional allegations, the Court must, *sua sponte*, consider the existence of subject matter jurisdiction whenever it appears to be lacking. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004).

For purposes of diversity jurisdiction, an LLC's citizenship is derived from the citizenship of each of its members; an LLC is deemed to be a citizen of every state in which any of its members are citizens. *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). Consequently, a plaintiff must affirmatively allege the citizenship of every LLC member for each defendant that is an LLC. *See Kanter*, 265 F.3d at 857.

Here, Influences failed to allege the citizenship of any of UTA's members. Though Influences alleged that none of UTA's members are citizens of Nevada, that is not sufficient because it does not meet the pleading standards of *Kanter* and because an LLC member could be a citizen of Delaware.

Consequently, Influences failed to sufficiently allege diversity jurisdiction.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that this case be, and hereby is, 𝕯𝖎𝖘𝖒𝖎𝖘𝖘𝖊𝖉, *sua sponte*, for lack of subject matter jurisdiction.

Date: October 17, 2022

*Terry J. Hatter, Jr.*
Senior United States District Judge